Mandour & Associates, APC
Joseph A. Mandour, III (SBN 188896)
Email: jmandour@mandourlaw.com
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for plaintiff,
Millenium Inc.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Millenium Inc., a Nevada corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>Millennium Smoke & Tobacco aka Millennium Smoke Shop, an unknown entity, and Mokdad A. Musleh, an individual,<br><br>  Defendants. | **Civil Case No. _____**<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

\\

\\

\\

\\

Plaintiff Millenium Inc., by and through its counsel, alleges for its complaint against defendants Millennium Smoke & Tobacco and Mokdad A. Musleh as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and common law, and state and common law unfair competition.

## THE PARTIES

2.      Plaintiff Millenium Inc. is a Nevada corporation headquartered in Roseville, California.

3.      On information and belief, defendant Millennium Smoke & Tobacco aka Millennium Smoke Shop (hereinafter "MS&T") is an unknown entity operating a retail location at 2003 S. Mariposa Road in Stockton, California 95205.

4.      On information and belief, defendant Mokdad A. Musleh (hereinafter "Musleh")(collectively with MS&T as "Defendants") is an individual residing in the Eastern District of California.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1338 because the action arises under the trademark laws of the United States and pendant jurisdiction over any and all state causes of action under 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over defendants because they reside in and have transacted business in the state of California.

7.      Venue is proper and reasonable in this district under 28 U.S.C. § 1391(b) because defendants reside in the District and a substantial part of the events or omissions giving rise to this claim for trademark infringement, false

designation of origin and unfair competition occurred in this district and defendants have significant contacts with the district.  Further, on information and belief, defendants' customers that purchase defendants' infringing goods and services are located within the Eastern District of California.

## FACTS

### Plaintiff's Business

8.     Plaintiff is engaged in the business of offering various goods and services including, without limitation, operating an online retail store selling smoking and e-cigarette products and accessories (hereinafter "Plaintiff's Goods and Services.").

9.     Plaintiff is the owner of the trademark and designation MILLENIUM SMOKE SHOP used in conjunction with an online retail store goods and services that offers for sale smoking and e-cigarette products and accessories.  Plaintiff's MILLENIUM SMOKE SHOP trademark is the subject of U.S. Trademark Registration No. 4,170,440.  A true and correct copy of plaintiff's registration is attached hereto as Exhibit A.  The registration is incontestable pursuant to 15 U.S.C. §1065.

10.     Plaintiff has promoted and sold Plaintiff's Goods and Services with the trademark, trade name and designation MILLENIUM SMOKE SHOP. Plaintiff first used its MILLENIUM SMOKE SHOP trademark in interstate commerce on and in connection with Plaintiff's Goods and Services at least as early as September 6, 1999 and has used plaintiff's MILLENIUM SMOKE SHOP trademark on and in connection with Plaintiff's Goods and Services continuously since its first use.

11.     Plaintiff has promoted Plaintiff's Goods and Services featuring plaintiff's MILLENIUM SMOKE SHOP trademark online at the website ShopMillenium.com.  A true and correct copy of a screenshot showing plaintiff's

use of the MILLENIUM SMOKE SHOP trademark is attached hereto as Exhibit B.

12.     Plaintiff's MILLENIUM SMOKE SHOP trademark is a unique, arbitrary and inherently distinctive and, as such, designates a single source of origin.  As a result of Plaintiff's continuous use of its MILLENIUM SMOKE SHOP mark, Plaintiff has acquired substantial goodwill in and to its MILLENIUM SMOKE SHOP trademark.

13.     Plaintiff has invested significantly to extensively advertise and promote Plaintiff's Goods and Services featuring plaintiff's MILLENIUM SMOKE SHOP trademark throughout the United States.  As a result of plaintiff's extensive and exclusive use, plaintiff's MILLENIUM SMOKE SHOP trademark has developed significant goodwill in the market and represents a valuable asset of plaintiff.

### Defendants' Wrongful Conduct

14.     On information and belief, Defendant MS&T is an unknown entity and Defendant Musleh are doing business as "Millennium Smoke & Tobacco" and/or "Millennium Smoke Shop" and operating a website at the domain name https://millennium-smoke-tobacco.negocio.site/.

15.     On information and belief, Defendants first placed their website online in 2020 (the "Infringing MILLENNIUM SMOKE & TOBACCO mark"). Defendants operate a retail store selling smoking and e-cigarette products and accessories.  Thus, Defendants offer goods and services related or identical to Plaintiff's Goods and Services under a confusingly similar, if not identical, trademark.  A true and correct copy of screenshots showing Defendants' current uses of the Infringing MILLENNIUM SMOKE & TOBACCO mark is attached hereto as Exhibit C.

16.     On or around September 1, 2020, counsel for plaintiff Millenium Inc. served Defendants with written notice of the MILLENIUM SMOKE SHOP® trademark and registration.  Plaintiff further demanded Defendants cease use of the confusingly similar Infringing MILLENNIUM SMOKE SHOP mark.  A true and correct copy of the letter to MS&T is attached hereto as Exhibit D.

17.      Despite Plaintiff's explicit notice and MS&T's assurances that it would change its name and trademark, Defendants willfully continued to use the Infringing MILLENNIUM SMOKE & TOBACCO mark and profited from the infringement by misdirecting viewers, consumers and ad revenue to its business and away from plaintiff's business.

18.     Plaintiff sent another letter, dated January 20, 2022, again demanding that Defendants cease use of the Infringing MILLENNIUM SMOKE & TOBACCO mark.  A true and correct copy of the January 20, 2022 letter is attached hereto as Exhibit E.

19.     Defendants' use of the Infringing MILLENNIUM SMOKE SHOP mark and the Infringing MILLENNIUM SMOKE & TOBACCO mark is likely to cause confusion among consumers who expect to conduct business with plaintiff and instead reach defendant.

20.     Plaintiff has been irreparably harmed and has suffered economic loss as well as the loss of good will from Defendants' unlawful and willful acts. Because damages will constitute an insufficient remedy, plaintiff requires equitable relief in the form of a permanent injunction restraining defendant's continued infringement of plaintiff's MILLENIUM SMOKE SHOP trademark and source designation.

# CLAIMS OF RELIEF
## FIRST CLAIM OF RELIEF
### (Trademark Infringement – 15 U.S.C. § 1114)

21.    Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 20 of the complaint as though fully set forth herein.

22.    Defendants' use of the Infringing MILLENNIUM SMOKE SHOP mark and the Infringing MILLENNIUM SMOKE & TOBACCO mark has caused and is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of Plaintiff's Goods and Services.

23.    By reason of the foregoing and upon information and belief, Defendants have violated the Lanham Act (15 U.S.C. § 1114) by using, in connection with its goods and advertisements, trademarks which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of plaintiff with defendant(s) and as to the origin, sponsorship, or approval of defendants' goods, services and/or advertisements.

24.    By reason of the foregoing and upon information and belief, Defendants' acts constitute direct, indirect, contributory and vicarious trademark infringement.

25.    On information and belief, Defendants willfully and intentionally adopted and used marks confusingly similar to Plaintiff's trademark to steal plaintiff's goodwill.

26.    By reason of the foregoing unlawful acts recited in the paragraphs above, plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this Court against Defendants.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin – 15 U.S.C. § 1125(a))

27.　Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 26 of the complaint as though fully set forth herein.

28.　On information and belief, Defendants willfully and intentionally adopted and used mark(s) confusingly similar to plaintiff's MILLENIUM SMOKE SHOP trademark and designation to steal plaintiff's goodwill.

29.　Additionally, Defendants have caused or are likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's products.

30.　By reason of the foregoing and upon information and belief, Defendants have violated Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) by using, in connection with its goods and advertisements, false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of plaintiff with defendant(s) and as to the origin, sponsorship, or approval of Defendants' goods, services and commercial activities.

31.　By reason of the foregoing unlawful acts recited in the above paragraphs, plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this Court against Defendants.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition – 15 U.S.C. § 1125(a))

32.　Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 31 of the complaint as though fully set forth herein.

33.　On information and belief, Defendants willfully and intentionally adopted and used marks confusingly similar to plaintiff's MILLENIUM SMOKE

SHOP trademark and designation to steal plaintiff's goodwill.

34. Additionally, Defendants have caused or are likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's products.

35. By reason of the foregoing and upon information and belief, defendant has violated Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) by unfairly competing with plaintiff by using in connection with its goods and advertisements, false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of Plaintiff with defendant(s) and as to the origin, sponsorship, or approval of Defendants' goods and commercial activities.

36. By reason of the foregoing unlawful acts recited in the above paragraphs, plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this Court against Defendants.

## FOURTH CLAIM FOR RELIEF

### (State Law Unfair Competition – Cal. Bus. & Prof. Code § 17200)

37. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 36 of the complaint as though fully set forth herein.

38. Defendants' acts, as set forth above constitute unfair competition as defined in California Business and Professions Code § 17200, et seq., all to the damage of plaintiff as previously alleged.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

39. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 38 the complaint as though fully set forth herein.

40.     Defendants' acts, as set forth above, constitute trademark infringement as defined under California common law, all to the damage of plaintiff as previously alleged.

## SIXTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

41.     Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 39 the complaint as though fully set forth herein.

42.     Defendants' acts, as set forth above, constitute unfair competition as defined under California common law, all to the damage of plaintiff as previously alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court grant judgment against Defendants for the following:

A.     Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be enjoined from:

    i.     infringing Plaintiff's MILLENIUM SMOKE SHOP trademark;

    ii.     using, advertising, marketing, selling or offering to sell goods and/or services marked with the Infringing MILLENNIUM SMOKE SHOP mark;

    iii.     using, advertising, marketing, selling or offering to sell goods and/or services marked with the Infringing MILLENNIUM SMOKE & TOBACCO mark;

    iv.     competing unfairly with plaintiff in any manner, including infringing any of plaintiff's trademark rights;

    v.     Using any domain name comprising the word "MILLENNIUM"

or anything confusingly similar thereto; and,

vi.    conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in subparagraphs (i) - (v) above.

B.    Defendants shall file with the Court and serve on plaintiff, within 30 days after the entry and service on defendants of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which defendant have complied with the provisions of subparagraph (A) above.

C.    Plaintiff recovers all damages it has sustained as a result of Defendants' trademark infringement, false designation of origin and unfair competition.

D.    Plaintiff be awarded Defendants' profits, corrective advertising damages and enhanced damages.

E.    An accounting be directed to determine Defendants' profits resulting from their infringement, false designation of origin and unfair competition and that the profits be paid over to plaintiff, increased as the Court determines is appropriate to the circumstances of this case.

F.    Plaintiff be awarded its reasonable attorneys' fees for prosecuting this action.

G.    Plaintiffs recover its costs of this action and pre-judgment and post-judgment interest, to the full extent allowed by law.

H.    Plaintiff be awarded treble damages pursuant to 15 U.S.C. § 1117 or any other relevant statute.

I.    Plaintiff be awarded enhanced damages pursuant to, *inter alia*, California common law, Bus. and Prof. Code § 14250, and any other relevant statute.

J.      Plaintiff receives all other relief the Court deems appropriate.

Respectfully submitted,

MANDOUR & ASSOCIATES, APC

Dated: June 12, 2023

_____/s/ Ben T. Lila_____

Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for plaintiff,
Millenium Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by the jury on its claims herein and all issues and claims so triable in this action.


Respectfully submitted,

**Mandour & Associates, APC**

Dated: June 12, 2023


_____/s/ Ben T. Lila_____

Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for plaintiff,
Millenium Inc.

**EXHIBIT A**

EXHIBIT A



# United States of America
### United States Patent and Trademark Office

## Millenium Smoke Shop

**Reg. No. 4,170,440**

**Registered July 10, 2012**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

MILLENIUM INC (NEVADA CORPORATION)
SUITE 100
1000 MELODY LN.
ROSEVILLE, CA 95678

FOR: ON-LINE RETAIL STORE SERVICES FEATURING A WIDE VARIETY OF CONSUMER GOODS OF OTHERS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-3-1999; IN COMMERCE 9-6-1999.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SMOKE SHOP", APART FROM THE MARK AS SHOWN.

SER. NO. 85-359,054, FILED 6-29-2011.

JANICE L. MCMORROW, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

EXHIBIT A

**EXHIBIT B**

EXHIBIT B



EXHIBIT B

**EXHIBIT C**

EXHIBIT C



EXHIBIT C

**EXHIBIT D**

EXHIBIT D



LAW OFFICES OF
**MANDOUR & ASSOCIATES**
INTELLECTUAL PROPERTY LAW

BEN T. LILA
BLILA@MANDOURLAW.COM

16870 WEST BERNARDO DRIVE, SUITE 400
SAN DIEGO, CALIFORNIA 92127
TEL: (858) 487-9300
WWW.MANDOURLAW.COM

September 1, 2020

Millennium Smoke Shop
2603 E. Mariposa Road
Stockton, CA 95204

      Re:    **Unauthorized use of MILLENNIUM SMOKE SHOP Trademark**
            Our File No.: Millenium/4499.02-001

Dear Sir or Madam:

We represent Millenium Inc., owner of U.S. Trademark Reg. No. 4,170,440 for MILLENIUM SMOKE SHOP. In addition to said registration, Millenium Inc. has used the MILLENIUM SMOKE SHOP trademark continuously in interstate commerce on certain goods and services including, but not limited to, smoking product retail services since at least as early as September 6, 1999.

We have been asked to contact you regarding your adoption and use of the trademark MILLENNIUM SMOKE SHOP. We are concerned that your use of MILLENNIUM SMOKE SHOP is likely to cause confusion with MILLENIUM SMOKE SHOP in violation of trademark and other unfair competition laws including, but not limited to, the Lanham Act (15 U.S.C. § 1051, *et seq.*). Your use of MILLENNIUM SMOKE SHOP is likely to lead the public to believe that your products and services are licensed by, sponsored by, or otherwise affiliated with Millenium Inc., which is not the case.

As you may know, our client has a legal duty to police any confusingly similar uses of its trademarks. For the foregoing reasons, we demand that you immediately cease and desist from any further use of MILLENNIUM and similar trademarks, including without limitation MILLENNIUM SMOKE SHOP.

© 2008 Mandour & Associates, APC

EXHIBIT D

Millennium Smoke Shop
September 1, 2020

Page 2


Given the similarity of the trademarks, and the importance of this brand to our client, we view this situation as very serious. Should you not immediately address our client's concerns, we will pursue all available remedies. Please contact me in writing by <u>September 14, 2020</u> to confirm that you will comply with the above.

The demands asserted in this letter are with full reservation of all rights and remedies that our client may possess including, but not limited to, past and continuing profits, actual damages, treble damages, attorneys' fees claims of dilution, and the right to injunction.


Respectfully,

Ben T. Lila, Esq.
Mandour & Associates, APC

cc: Millenium Inc.

© 2008 Mandour & Associates, APC

EXHIBIT D

**EXHIBIT E**

EXHIBIT E



LAW OFFICES OF
# MANDOUR&ASSOCIATES
INTELLECTUAL PROPERTY LAW

BEN T. LILA
BLILA@MANDOURLAW.COM

16870 WEST BERNARDO DRIVE, SUITE 400
SAN DIEGO, CALIFORNIA 92127
TEL: (858) 487-9300
WWW.MANDOURLAW.COM

January 20, 2022

Millennium Smoke & Tobacco
2003 S. Mariposa Road
Stockton, CA 95205
Telephone: (209) 475-8496

**Re:** **Unauthorized use of MILLENNIUM SMOKE SHOP Trademark**
Our File No.: Millenium/4499.02-001

Dear Sir or Madam:

We represent Millenium Inc., owner of U.S. Trademark Reg. No. 4,170,440 for MILLENIUM SMOKE SHOP. In addition to said registration, Millenium Inc. has used the MILLENIUM SMOKE SHOP trademark continuously in interstate commerce on certain goods and services including, but not limited to, smoking product retail services since at least as early as September 6, 1999.

As you may recall, we previously corresponded, and you indicated that you intended to change your trademark to MILLION SMOKE SHOP from the infringing trademark MILLENNIUM SMOKE SHOP. We are informed that despite this, you are continuing to infringe our client's trademark by using the trademark MILLENNIUM SMOKE & TOBACCO in violation of trademark and other unfair competition laws including, but not limited to, the Lanham Act (15 U.S.C. § 1051, *et seq.*).

As you may know, our client has a legal duty to police any confusingly similar uses of its trademarks. For the foregoing reasons, we demand that you immediately cease and desist from any further use of MILLENNIUM and similar trademarks, including without limitation MILLENNIUM SMOKE & TOBACCO.

© 2008 Mandour & Associates, APC

EXHIBIT E

Millennium Smoke & Tobacco
January 20, 2022

Page 2

Given the similarity of the trademarks, and the importance of this brand to our client, we view this situation as very serious.  Should you not immediately address our client's concerns, we will pursue all available remedies.  Please contact me in writing by **January 31, 2022** to confirm that you will comply with the above.

The demands asserted in this letter are with full reservation of all rights and remedies that our client may possess including, but not limited to, past and continuing profits, actual damages, treble damages, attorneys' fees claims of dilution, and the right to injunction.

Respectfully,

Ben T. Lila, Esq.
Mandour & Associates, APC

cc: Millenium Inc.

© 2008 Mandour & Associates, APC

EXHIBIT E